**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02384-CNS-SKC

MINCHIE GALOT CUPAT, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

PALANTIR TECHNOLOGIES INC.,
ALEXANDER C. KARP,
DAVID GLAZER, and
SHYAM SANKAR,

      Defendants.

---

Civil Action No. 1:22-cv-02805-SKC

ALLEGHENY COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

PALANTIR TECHNOLOGIES INC.,
ALEXANDER C. KARP,
DAVID GLAZER, and
SHYAM SANKAR,

      Defendants.

---

**CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

---

[Caption continued on following page.]

4881-3632-7742

Civil Action No. 1:22-cv-02893-PAB-KLM

SHIJUN LIU, INDIVIDUALLY AND AS TRUSTEE OF THE LIU FAMILY TRUST 2019, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

PALANTIR TECHNOLOGIES INC.,
ALEXANDER KARP,
STEPHEN COHEN,
PETER THIEL,
WILLIAM HO,
KEVIN KAWASAKI,
DAVID GLAZER,
SHYAM SANKAR,
ALEXANDER MOORE,
SPENCER RASCOFF, and
ALEXANDRA SCHIFF,

      Defendants.

_____

4881-3632-7742

## MOTION

California Public Employees' Retirement System ("CalPERS") hereby moves the Court for an order pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §77z-1(a)(3)(B) and §78u-4(a)(3)(B)[1]: (1) consolidating the above-captioned Related Actions[2] pursuant to Federal Rule of Civil Procedure 42; (2) appointing CalPERS as Lead Plaintiff; and (2) approving the selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

### D.C. Colo.LCivR 7.1 CERTIFICATION

Pursuant to D.C. COLO.LCiv R 7.1(a), undersigned counsel has conferred in good faith with defendants' counsel who support consolidation and take no position on the appointment of lead plaintiff or lead counsel at this time and reserve all rights to respond if necessary after the motions have been filed.  Due to the PSLRA's lead plaintiff procedure, CalPERS will not know which other class members, if any, intend to move for consolidation, appointment as lead plaintiff, and approval of their selection of counsel until after all motions have been filed on November 14, 2022 and therefore respectfully requests that the conferral requirement as to these unknown movants be waived in this narrow instance.

---

[1]   The lead plaintiff provisions of the PSLRA contained in the Securities Act of 1933 ("1933 Act") and the Securities Exchange Act of 1934 ("1934 Act") are nearly identical.  *Compare* 15 U.S.C. §77z-1(a)(3)(B) *with* 15 U.S.C. §78u-4(a)(3)(B).  For simplicity, only the 1934 Act provisions are cited herein.

[2]   The Related Actions are *Cupat v. Palantir Techs. Inc.*, No. 1:22-cv-02384 (D. Colo.), *Allegheny Cnty. Emps.' Ret. Sys. v. Palantir Techs. Inc.*, No. 1:22-cv-02805 (D. Colo.), and *Shijun Liu, Individually and as Trustee of The Liu Family Trust 2019 v. Palantir Techs. Inc.*, No. 1:22-cv-02893 (D. Colo.).  All emphasis is added and all citations are omitted herein unless otherwise indicated.

4881-3632-7742

**MEMORANDUM OF LAW**

## I.    INTRODUCTION

The above-captioned Related Actions are federal securities class actions on behalf of all persons other than defendants who purchased or otherwise acquired Palantir Technologies Inc. ("Palantir" or the "Company") securities against Palantir and certain officers and directors alleging violations of §11, §12(a)(2), and §15 of the 1933 Act and §10(b) and §20(a) of the 1934 Act. Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions involve common legal and factual questions, rendering consolidation appropriate under Rule 42.

After consolidation, the PSLRA directs courts to appoint as lead plaintiff the class member or group of members it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, CalPERS should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, CalPERS' selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

Accordingly, CalPERS' motion should be granted.

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting

- 2 -

substantially the same claim or claims arising under this chapter has been filed," the Court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii); *see also Barnwell v. Advanced Emissions Solutions, Inc.*, 2015 WL 13612170, at *1 (D. Colo. Feb. 19, 2015) (addressing consolidation before lead plaintiff). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a).

Here, the Related Actions are well-suited for consolidation. Each action alleges a substantially similar unlawful and/or fraudulent scheme relating to similar parties, transactions, and events. Each action asserts that defendants made materially false and misleading statements and omissions concerning Palantir's business. And, because the Related Actions are based on similar facts and involve the same subject matter, the same discovery will be relevant to all actions. Thus, "[c]onsolidating the actions will enhance fairness and judicial economy." *Barnwell*, 2015 WL 13612170, at *1.

### B.    CalPERS Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff "in each private action arising under [the 1933 and 1934 Acts] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely-circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

- 3 -

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Bard Assocs., Inc.*, 2009 WL 4350780, at *2 (10th Cir. Dec. 2, 2009) ("'The "most capable" plaintiff-and hence the lead plaintiff-is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.'"). CalPERS meets these requirements and should therefore be appointed Lead Plaintiff.

### 1. CalPERS' Motion Is Timely

On September 15, 2022, notice of the filing of the *Cupat* complaint was published on *Globe Newswire* and advised class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by November 14, 2022. *See* Declaration of Danielle S. Myers in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."), Ex. 1.[3]  Because this Motion is being filed by November 14, 2022, it is timely and CalPERS is entitled to be considered for appointment as lead plaintiff.

### 2. CalPERS Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, CalPERS: (a) purchased 5.8 million Palantir shares during the Class Period; (b) at the end of the Class Period, held 3.4 million net shares that were purchased during the Class Period; and (c) suffered more than $55 million in losses as a result of defendants' alleged wrongdoing.  *See* Myers Decl., Exs. 4-5.  To the best of its counsel's

---

[3]   Notice of filing of the *Allegheny* and *Liu* cases was also published to investors. *See* Myers Decl., Exs. 2-3.

4881-3632-7742

knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, CalPERS satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    CalPERS Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).   "As for the purported lead plaintiff needing to otherwise satisfy the requirements of Rule 23, only two of Rule 23(a)'s four requirements – typicality and adequacy – factor into the analysis." *Barnwell*, 2015 WL 13612170, at *2. "Typicality exists where the claims of the representative plaintiffs 'arise out of the same course of conduct and are based on the same theories as those of the absent class members and thus their interests are coextensive with and typical of those of all class members.'" *Id.*  "The adequacy requirement is satisfied on proof of '(1) the absence of potential conflict between the named plaintiffs and the class members; and (2) that counsel chosen by the representative parties is qualified, experienced, and able to vigorously conduct the proposed litigation.'" *Id.*  CalPERS meets these requirements here.

Like all putative class members, CalPERS purchased Palantir stock during the Class Period and suffered harm as a result of defendants' alleged misconduct.  As such, CalPERS suffered the same injuries as the other putative class members as a result of the same alleged conduct by defendants and has claims based on the same legal issues.  CalPERS has submitted a Certification and Declaration confirming its willingness and ability to serve as lead plaintiff.  *See* Myers Decl., Exs. 4, 6.  In addition, CalPERS has experience successfully serving as a lead plaintiff in prior securities class action cases, *In re Cendant Corp. Sec. Litig.*, No. 2:98-cv-01664 (D.N.J.), and *In re*

4881-3632-7742

*UnitedHealth Grp., Inc. Sec. Litig.*, No. 0:06-cv-01691 (D. Minn.), in which CalPERS recovered for investors $3.2 billion and $925.5 million, respectively.

CalPERS is the largest state public pension fund in the United States, with more than 2 million members and over $400 billion in assets under management. *See* Myers Decl., Ex. 6. If appointed lead plaintiff, CalPERS will actively oversee the prosecution of the claims by, among other things, reviewing court filings, attending hearings when appropriate to do so, providing documents and deposition testimony, and making final decisions regarding the case. *Id.* As an institutional investor with significant experience serving as lead plaintiff and class representative in securities class actions, CalPERS will utilize its resources and experience to ensure vigorous and competent advocacy for the benefit of the putative class. *See generally Bard Assocs.*, 2009 WL 4350780, at *1 (noting that the PSLRA's lead plaintiff provision is "'aimed to increase the likelihood that institutional investors-parties more likely to balance the interests of the class with the long-term interests of the company-would serve as lead plaintiffs'") (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007)).

Accordingly, the Court should find that CalPERS has made a *prima facie* showing of typicality and adequacy.

### C.   The Court Should Approve CalPERS' Selection of Robbins Geller as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Barnwell*, 2015 WL 13612170, at *3 (approving lead plaintiff's selection of lead counsel where counsel was

- 6 -

"'qualified, experienced, and able to vigorously conduct the proposed litigation'"); *In re Cavanaugh*, 306 F.3d 726, 732-33 (9th Cir. 2002); *In re Cohen*, 586 F.3d 703 (9th Cir. 2009).

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation.[4]  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Or. Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*, 2019 WL 3714798 (D. Colo. Aug. 7, 2019) (appointing Robbins Geller lead counsel in securities class action case).

In the last two years alone, Robbins Geller has recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery).  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in this Court and Circuit (*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities class action recovery in Colorado and the Tenth Circuit)) as well as in the Fifth,

---

[4]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

Sixth, Seventh, Eighth, and Eleventh Circuits.[5]  And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, CalPERS' selection of Robbins Geller as lead counsel is reasonable and should be approved.

## III.    CONCLUSION

Each of the Related Securities Cases should be consolidated because they are virtually identical and share overlapping questions of law and fact.  In addition, CalPERS has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, CalPERS respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  November 14, 2022                         Respectfully submitted,

                                                 s/ Danielle S. Myers
                                                 DANIELLE S. MYERS

---

[5]    *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) (represented lead plaintiff CalPERS in obtaining $925 million recovery which is the largest securities class action recovery in the Eighth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
LUKE O. BROOKS
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lukeb@rgrdlaw.com
dmyers@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

JOHNSON FISTEL, LLP
JEFFREY A. BERENS
2373 Central Park Boulevard, Suite 100
Denver, CO  80238-2300
Telephone:  303/861-1764
303/861-1764 (fax)
jeffb@johnsonfistel.com

Local Counsel

4881-3632-7742

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on November 14, 2022, I authorized the

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the email addresses on the attached Electronic Mail Notice List,

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to

the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  dmyers@rgrdlaw.com

4881-3632-7742

# Mailing Information for a Case 1:22-cv-02384-CNS-SKC Cupat v. Palantir Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Naumon Amjed**
  namjed@ktmc.com,rdegnan@ktmc.com,hpaffas@ktmc.com,iyeates@ktmc.com,bschwartz@ktmc.com

- **Adam Marc Apton**
  aapton@zlk.com

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com,kip@shumanlawfirm.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,tsayre@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

CM/ECF - U.S. District Court:cod-

# Mailing Information for a Case 1:22-cv-02805-SKC Allegheny County Employees' Retirement System v. Palantir Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com,kip@shumanlawfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

CM/ECF - U.S. District Court:cod-

# Mailing Information for a Case 1:22-cv-02893-PAB-KLM Liu v. Palantir Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,jeffreyberens@comcast.net

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)