**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

**Civil Action No.**: 1:22-cv-02384-CNS-SKC

MINCHIE GALOT CUPAT, Individually
and on Behalf of All Others Similarly
Situated,

                          Plaintiff,

        v.

PALANTIR TECHNOLOGIES INC.,
ALEXANDER C. KARP, DAVID
GLAZER, and SHYAM SANKAR,

                       Defendants.

---

**Civil Action No.**: 1:22-cv-02805-SKC

ALLEGHENY COUNTY EMPLOYEES'
RETIREMENT SYSTEM, Individually and on
Behalf of All Others Similarly Situated,

                          Plaintiff,

        v.

PALANTIR TECHNOLOGIES INC.,
ALEXANDER C. KARP, DAVID GLAZER,
and SHYAM SANKAR,

                       Defendants.

**Civil Action No**.: 1:22-cv-02893-PAB-KLM

SHIJUN LIU, INDIVIDUALLY AND AS
TRUSTEE OF THE LIU FAMILY TRUST
2019, Individually and on Behalf of All
Others Similarly Situated,

                              Plaintiff,

            v.

PALANTIR TECHNOLOGIES INC.,
ALEXANDER KARP, STEPHEN COHEN,
PETER THIEL, WILLIAM HO, KEVIN
KAWASAKI, DAVID GLAZER, SHYAM
SANKAR, ALEXANDER MOORE,
SPENCER RASCOFF, and ALEXANDRA
SCHIFF,

                              Defendants.

---

**NOTICE OF MOTION AND MOTION OF ATEF ZAKHARY FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ....................................................................................................2

STATEMENT OF FACTS ...........................................................................................................3

ARGUMENT.................................................................................................................................7

      A.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL
              PURPOSES.........................................................................................................7

      B.      ZAKHARY SHOULD BE APPOINTED LEAD PLAINTIFF..............................8

              1.      Zakhary Is Willing to Serve as Class Representative .................................9

              2.      Zakhary Has the "Largest Financial Interest"..............................................9

              3.      Zakhary Otherwise Satisfies the Requirements of Rule 23 of the Federal
                      Rules of Civil Procedure...........................................................................11

              4.      Zakhary Will Fairly and Adequately Represent the Interests of the Class
                      and Is Not Subject to Unique Defenses .....................................................13

      C.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED14

CONCLUSION.............................................................................................................................15

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bassin v. Decode Genetics, Inc.*,
  230 F.R.D. 313 (S.D.N.Y. 2005) ..............................................................................8

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006)....................................................................................12

*Cooke v. Equal Energy Ltd.*, No. CIV-14-0047-C,
  2014 WL 3819159 (W.D. Okla. May 8, 2014) ........................................................7

*Darwin v. Taylor*, No. 12-CV-01038-CMA-CBS,
  2012 WL 5250400 (D. Colo. Oct. 23, 2012) .........................................................10

*Friedman v. Quest Energy Ptnrs. LP*,
  261 F.R.D. 607 (W.D. Okla. 2009)........................................................................10

*In re Comverse Tech., Inc., Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
  2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .....................................................10, 14

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
  2009 WL 2259502 (S.D.N.Y. July 29, 2009) ......................................................7, 8

*In re NPS Pharm., Inc. Sec. Litig.*, No. 2:06-CV-00570-PGCPMW,
  2006 WL 6627948 (D. Utah Nov. 17, 2006) ....................................................10, 11

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................10

*Lane v. Page*,
  250 F.R.D. 634 (D.N.M. 2007)........................................................................11, 14

*Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715,
  1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ............................................................10

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993)......................................................................................7

*Meyer v. Paradigm Med. Indus.*,
  225 F.R.D. 678 (D. Utah 2004) .......................................................................11, 12

*Scuderi v. Mammoth Energy Servs., Inc.*, No. CIV-19-522-SLP,
2019 WL 4397340 (W.D. Okla. Sept. 13, 2019) ....................................................................7

## **Statutes**

15 U.S.C. § 78u-4 ................................................................................................. *passim*

Private Securities Litigation Reform Act of 1995 ............................................... *passim*

## **Rules**

Fed. R. Civ. P. 23 ..............................................................................................3, 8, 11, 12

Fed. R. Civ. P. 42 ....................................................................................................1, 2, 7

<u>**NOTICE OF MOTION AND MOTION**</u>

**TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Atef Zakhary ("Zakhary"), by and through his counsel, will and does hereby move this Court, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42"), and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u–4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Zakhary as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired securities of Palantir Technologies Inc. ("Palantir") between September 30, 2020 to August 5, 2022, both dates inclusive (the "Class Period") (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]  This motion is supported by the memorandum of

---

[1] The complaint in the first-filed of the Related Actions, styled *Cupat v. Palantir Technologies Inc. et al*, No. 1:22-cv-02384 (the "*Cupat* Action"), filed in this Court on September 15, 2022, alleges a class period that only includes persons and entities that purchased or otherwise acquired Palantir securities between November 9, 2021 and May 6, 2022, both dates inclusive. *See Cupat* Action, ECF No. 1. Then., on October 25, 2022, the complaint in the second-filed of the Related Actions was filed in this Court, styled *Allegheny County Employees' Retirement System v. Palantir Technologies Inc. et al*, No. 1:22-cv-02805 ( the "*Allegheny*" Action) alleging substantially the same wrongdoing as the *Cupat* Action against overlapping defendants, and with a larger class period including all persons and entities that purchased or otherwise acquired Palantir securities between February 16, 2021 and May 6, 2022, inclusive. *See Cupat* Action, ECF No. 1, *Allegheny* Action, ECF No. 1. Finally, on November 4, 2022, the complaint in the third-filed of the Related Actions was filed in this Court, styled *Liu v. Palantir Technologies Inc. et al*, No. 1:22-cv-02893 (the "*Liu*" Action) alleging substantially the same wrongdoing as the *Cupat* and *Allegheny* Actions against overlapping defendants, and with a larger class period including all persons and entities that purchased or otherwise acquired Palantir Class A common stock between September 30, 2020 to August 5, 2022, inclusive. *See Cupat* Action, ECF No. 1, *Allegheny* Action, ECF No. 1, *Liu* Action, ECF No. 1. Therefore, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *Liu* Action.

1

points and authorities submitted herewith, the Declaration of Jeremy A. Lieberman ("Lieberman Decl."), and all exhibits thereto.

## CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a) AND § F.1 OF THIS COURT'S PRACTICE STANDARDS FOR CIVIL CASES

Pursuant to D.C.COLO.LCivR 7.1(a) and § F.1 of this Court's Practice Standards for Civil Cases, counsel for Zakhary state that they were not able to confer with counsel for the opposing movants prior to filing the instant motion. The statutory framework of the PSLRA requires all motions seeking Lead Plaintiff appointment to be filed within 60 days of the publication of the notice of pendency of the action. *See* 15 U.S.C. § 78u–4(a)(3)(A)(i)(II). No such motions were filed meaningfully in advance of Zakhary's motion, and it was not possible to confer with counsel for the other movants to determine whether the instant motion would be opposed or to attempt to resolve the issues raised by the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

The complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. *See Cupat* Action, ECF No. 1, *Allegheny* Action, ECF No. 1, *Liu* Action, ECF No. 1. Palantir investors, including Zakhary, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Palantir securities to fall sharply, damaging Zakhary and other Palantir investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a)(2). Here, the Related Actions are putative class actions alleging violations of the federal securities laws by an overlapping group of defendants arising

from substantively the same alleged wrongful misconduct.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).  In connection with his transactions in Palantir securities during the Class Period, Zakhary incurred losses of approximately $2,019,696.  *See* Lieberman Decl., Exhibit ("Ex.") A.  Accordingly, Zakhary believes that he has the largest financial interest in the relief sought in the Related Actions.  Beyond his considerable financial interest, Zakhary also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Zakhary has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Zakhary respectfully requests that the Court enter an order consolidating the Related Actions, appointing him as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

**STATEMENT OF FACTS**

As alleged in the complaint in the *Cupat* Action, Palantir builds and deploys software platforms to assist the U.S. intelligence community in counterterrorism investigations and

operations.  *Cupat* Action, ECF No. 1, ¶ 2.  The Company has two operating segments, commercial and government, with the latter primarily serving agencies in the U.S. federal government and non-U.S. governments.  *Id.*  Palantir also invests in so-called "marketable securities" consisting of equity securities in publicly-traded companies.  *Id.*

Palantir has consistently described sources of geopolitical instability and other disruptions—e.g., armed conflicts, economic crises, and the COVID-19 pandemic—as tailwinds for its business, given that the Company's products and services are purportedly built to aid its customers in assessing and responding to such disruptions.  *Id.* ¶ 3.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects.  *Id.* ¶ 4.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Palantir's investments in marketable securities were having a significant negative impact on the Company's earnings per share ("EPS") results; (ii) Palantir overstated the sustainability of its government segment's growth and revenues; (iii) Palantir was experiencing a significant slowdown in revenue growth, particularly among its government customers, despite ongoing global conflicts and market disruptions; (iv) as a result of all the foregoing, the Company was likely to miss consensus estimates for its first quarter 2022 ("Q1") EPS and second quarter 2022 ("Q2") sales outlook; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.  *Id.*

On May 9, 2022, Palantir issued a press release announcing its Q1 financial results and guidance for Q2.  *Id.* ¶ 5.  For Q1, Palantir announced adjusted EPS of $0.02, compared to analyst estimates of $0.04 per share, noting on a conference call that the "[f]irst quarter

adjusted [EPS of] $0.02 . . . includes a negative $0.02 impact driven primarily by unrealized losses on marketable securities." *Id*. The Company also disclosed that government revenue grew by only 16% year-over-year for Q1, representing a significant slowdown in revenue growth compared to prior quarters, and that, for Q2, the Company expected $470 million in sales, compared to estimates of $483.76 million. *Id.*

On this news, Palantir's stock price fell $2.02 per share, or 21.31%, to close at $7.46 per share on May 9, 2022. *Id*. ¶ 6.

As multiple news outlets reported that day, Palantir's significant decline in revenue growth, particularly from its government customers, surprised investors, especially given the ongoing geopolitical instability and other disruptions caused by, inter alia, the ongoing COVID-9 pandemic and Russo-Ukrainian War—that is, precisely the type of destabilizing conditions that the Company had previously touted as tailwinds for its business. *Id*. ¶ 7.

Then, as alleged in the complaint in the *Liu* Action, on August 8, 2022, Palantir issued a press release providing the Company's financial results for the second quarter ended June 30, 2022 (the "2Q22 Release"). *Liu* Action, ECF No. 1, ¶ 100. The 2Q22 Release stated Palantir expected 2022 revenues to be in a range of $1.9 billion to $1.902 billion, which would represent an annual year-over-year revenue growth rate of only 23%. *Id.* The release further stated that the "revised guidance excludes any new major U.S. government awards." *Id.* Notably, the revised guidance was substantially below the Company's long-term annual revenue guidance of at least 30%, despite defendants' reaffirming this figure nearly halfway through the quarter, and the release did not state that this growth rate was achievable for subsequent years. *Id.* According to an analyst report issued by Morgan Stanley, the

failure to reiterate the Company's heavily touted long-term revenue growth rate "suggests that management believes the sales environment could prove challenging not just for the next few quarters but potentially beyond." *Id.* In a related earnings call, Palantir executives admitted that the Company's deal value remained "roughly flat quarter-over-quarter" at $3.5 billion. *Id.*

On August 9, 2022, analysts at RBC Capital Markets published an analyst report that provided a deep dive into Palantir's SPAC Investment Strategy. *Id.* ¶ 101. The report stated: "Most importantly, we estimate the SPAC-related [total contract value] potentially at-risk of not fully converting into revenue is $406M (note some of this may have already been recognized) and count at least 15 SPAC customers that have substantial doubt as going concerns (based on their respective filings)." *Id.* The report continued: "21 of these companies are now publicly listed; none of the 20 listed SPACs are trading above their $10 reference price (the vast majority are now trading in the <$5 penny stock range)." *Id.*

The price of Palantir Class A common stock plummeted on this news, falling 19% over two trading days to $9.25 per share by market close on August 9, 2022, on abnormally high trading volume. *Id.* ¶ 102.

On September 23, 2022, the price of Palantir Class A common stock fell to a low of just $7.13 per share, 84% below the Class Period high. *Id.* ¶ 103.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *Scuderi v. Mammoth Energy Servs., Inc.*, No. CIV-19-522-SLP, 2019 WL 4397340, at *1-*2 (W.D. Okla. Sept. 13, 2019); *Cooke v. Equal Energy Ltd.*, No. CIV-14-0047-C, 2014 WL 3819159, at *1 (W.D. Okla. May 8, 2014).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1–3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law **and** fact. Each action is brought against the Company, as well as certain officers of the Company, in connection with violations of the federal securities laws.  Accordingly, the Related Actions

7

allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of Palantir' securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged.  Consolidation of the Related Actions is therefore appropriate.  *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 WL 2259502), at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

### B.      ZAKHARY SHOULD BE APPOINTED LEAD PLAINTIFF

Zakhary should be appointed Lead Plaintiff because he has the largest financial interest in the Related Actions to his knowledge and otherwise meets the requirements of Rule 23.  Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of the Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

As set forth below, Zakhary satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.      Zakhary Is Willing to Serve as Class Representative

On September 15, 2022, Pomerantz, counsel for the plaintiff in the *Cupat* Action, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against the Company and certain of its officers, and advised investors of Palantir securities that they had until November 14, 2022—*i.e.*, sixty days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff.  *See* Lieberman Decl., Ex. B.

Zakhary has filed the instant motion pursuant to the Notice, and has submitted a signed Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Zakhary satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.      Zakhary Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u–4(a)(3)(B)(iii).  As of the time of the filing of this

motion, Zakhary believes that he has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2]   The most critical among the *Lax* Factors is the approximate loss suffered.  *See, e.g.*, *Darwin v. Taylor*, No. 12-CV-01038-CMA-CBS, 2012 WL 5250400, at *2 (D. Colo. Oct. 23, 2012) ("[C]ourts routinely look to the movant's financial loss as the most significant factor in assessing his financial interest in the action."); *Friedman v. Quest Energy Ptnrs. LP*, 261 F.R.D. 607, 614 (W.D. Okla. 2009) (equating financial interest with economic loss); *In re NPS Pharm., Inc. Sec. Litig.*, No. 2:06-CV-00570-PGCPMW, 2006 WL 6627948, at *1-*2 (D. Utah Nov. 17, 2006) (same).

During the Class Period, Zakhary: (1) purchased 287,657 shares of Palantir stock; (2) expended $7,167,467 on his purchases of Palantir stock; (3) retained 65,000 shares of his Palantir stock; and (4) as a result of the disclosures of the fraud, suffered a loss of approximately $2,019,696 in connection with his Class Period purchases of Palantir securities.  *See* Lieberman Decl., Ex. A.  Because Zakhary possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.   15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).

---

[2] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc., Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6–8 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

**3.      Zakhary Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007).  Moreover, "only subsection (3) ('typicality') and subsection (4) ('adequacy') are relevant to the consideration of motions for appointment as lead plaintiff."  *NPS*, 2006 WL 6627948, at *2 (citing *Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 680 (D. Utah 2004) ("For the purposes of a motion for appointment of lead plaintiff under Rule 23, it is proper to limit a court's inquiry into the final two prongs of Rule 23(a), typicality and adequacy.")).

The typicality requirement of Rule 23(a)(3) is satisfied when "the 'injury and the conduct are sufficiently similar.'"  *Meyer*, 225 F.R.D. at 680 (quoting *Adamson v. Bowen*, 855

F.2d 668, 767 (10th Cir. 1988)).  In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class."  *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994)).  In addition, "a difference in the factual situations of class members *per se*, does not defeat typicality under Rule 23(a)(3) . . . as long as the claims of class representatives and other class members are based on the same legal or remedial theory."  *Meyer*, 225 F.R.D. at 680.

The claims of Zakhary are typical of those of the Class.  Zakhary alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Palantir, or by omitting to state material facts necessary to make the statements they did make not misleading.  Zakhary, as did all Class members, purchased Palantir securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied "by fulfilling two requirements.  First, there must be an absence of potential conflict between the named plaintiffs and other class members.  Second, the counsel chosen by the representative party must be 'qualified, experienced and able to vigorously conduct the proposed litigation.'"  *Meyer*, 225 F.R.D. at 681 (quoting *In re Ribozyme Pharm. Sec. Litig.*, 192 F.R.D. 656, 659 (D. Colo. 2000)).

Zakhary is an adequate representative for the Class.  There is no antagonism between the interests of Zakhary and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation.  Moreover, Zakhary has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v).

Further demonstrating his adequacy, Zakhary has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. D.

### 4.     Zakhary Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Zakhary as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

The ability and desire of Zakhary to fairly and adequately represent the Class has been discussed above.  Zakhary is not aware of any unique defenses Defendants could raise that would

render him inadequate to represent the Class.  Accordingly, Zakhary should be appointed Lead Plaintiff for the Class.

### C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Lane*, 250 F.R.D. at 647 ("[T]he PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001))).  The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Zakhary has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume.  *See* Lieberman Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *Id.*  More recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*  As a result of its extensive experience in similar litigation, Zakhary's choice of counsel,

Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Class's claims in this litigation effectively and expeditiously. The Court may be assured that by approving Zakhary's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Zakhary respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Zakhary respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Zakhary as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated:  November 14, 2022

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Atef Zakhary and*
*Proposed Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of November, 2022, a true and correct copy of the foregoing **NOTICE OF MOTION AND MOTION OF ATEF ZAKHARY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** was e-filed with the Clerk of Court via the CM/ECF System which will send notification of such filing to all counsel of record.