IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Lead Civil Action No. 1:22-cv-02384-CNS-SKC
*Consolidated with Civil Actions 1:22-cv-02805-CNS-SKC and 1:22-cv-02893-CNS-SKC*

MINCHIE GALOT CUPAT, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

PALANTIR TECHNOLOGIES, INC.,
ALEXANDER C. KARP,
DAVID GLAZER, and
SHYAM SANKAR,

    Defendants.

## ORDER

Before the Court is Defendants Palantir Technologies Inc. (Palantir), Alexander C. Karp, David Glazer, Shyam Sankar, Kevin Kawasaki, Peter Thiel, Stephen Cohen, Alexandra Schiff, Alexander Moore, and Spencer Rascoff's (collectively, the Defendants') Opposed Motion to Defer Briefing on Defendants' Motion to Dismiss Pending United States Supreme Court's Decision in *Slack Technologies v. Pirani* (ECF No. 48). For the following reasons, the Court GRANTS Defendants' Motion.

### I. BACKGROUND

A brief summary of the relevant background facts suffices. The Court consolidated related actions, appointed a lead plaintiff, and appointed lead counsel in this securities class action on

1

December 6, 2022 (ECF No. 34). Pursuant to the Court's scheduling order, the lead plaintiff and additional named plaintiffs filed their Consolidated Class Action Complaint on February 10, 2023 (ECF Nos. 42 and 47). Defendants filed the instant deferral motion on February 27, 2023, seeking to defer briefing Defendants' dismissal motion pending the United States Supreme Court's forthcoming decision in *Slack Technologies, LLC v. Pirani*, 143 S. Ct. 542 (2022) (granting certiorari). Defendants' deferral motion is fully briefed (ECF Nos. 52 and 53).

## II. LEGAL STANDARD

Although styled as a "motion to defer," Defendants essentially seek a stay of the parties' Schedule for Consolidated Complaint and Response (ECF No. 42). Accordingly, the Court turns to caselaw regarding courts' discretionary power to stay proceedings in analyzing Defendants' motion. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants.").

As a preliminary matter, the Court must determine which legal standard governs its analysis of Defendants' motion. The parties cite competing lines of caselaw in arguing whether a stay pending the Supreme Court's decision in *Slack* is appropriate (*Compare* ECF No. 48 at 5-6, *with* ECF No. 52 at 13). Factors that guide courts' analyses of stay requests differ based on the underlying nature of the request. For instance, "[i]n ruling on a motion to stay discovery," courts generally consider five factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc. See, e.g., Sgaggio v. Diaz*, No. 22-CV-02043-PAB-MDB, 2023 WL 22188, at *4 (D. Colo. Jan. 3, 2023) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-WYD, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006)). And in determining whether to grant "a motion for a

2

stay pending an appeal," courts consider the factors set forth in *Nken v. Holder*. *Est. of Simon by & through Simon v. Van Beek*, No. 1:21-cv-01923-CNS-GPG, 2023 WL 1768548, at *2 (D. Colo. Jan. 3, 2023) (citing *Nken v. Holder*, 556 U.S. 418, 427 (2009)).

These frameworks are inapplicable where a party seeks a stay pending resolution of an issue in a separate action. *Lal v. Cap. One Fin. Corp.*, No. 16-CV-06674-BLF, 2017 WL 282895, at *2 (N.D. Cal. Jan. 23, 2017). In that instance, the factors set forth in *Landis v. North American Company*—rather than the *Nken* or *String Cheese* factors—apply. *See id.* (concluding "*Landis* se[ts] forth the standard applicable . . . where a party seeks to stay a district court proceeding pending the resolution of another action . . . in contrast [to] where a party seeks to stay enforcement of a judgment or order pending an appeal of that same judgment or an order in the same case" (citations omitted)); *McElrath v. Uber Techs., Inc.*, No. 16-CV-07241-JSC, 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017) ("[The] *Landis* factors govern where a party seeks a stay pending resolution of a separate court action." (citation omitted)). Therefore, given the relief that Defendants seek—a stay of this case's briefing schedule pending the Supreme Court's *Slack* decision—the Court applies the *Landis* framework in its analysis of Defendants' motion. *See also Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

As noted above, the power to stay proceedings is "incidental to the power inherent" in the court's power to control the "disposition of the causes on its docket" for "itself, for counsel, and

3

for litigants." *Landis*, 299 U.S. at 254. In deciding whether to grant a stay of proceedings pending resolution of a separate action, courts weigh the following:

> (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-255). *See also Capitol Specialty Ins. Corp. v. Sw. Clubs, Inc.*, No. 12-01299 MCA/LAM, 2015 WL 11117308, at *2–3 (D.N.M. Mar. 31, 2015); *Mehaffey v. Navient Sols., LLC*, No. 19-CV-00197-REB-NRN, 2020 WL 5260209, at *2–3 (D. Colo. Feb. 13, 2020) (citing *CMAX*, 300 F.2d at 268). Under *Landis*, "[a] party seeking a stay need make such a showing [of hardship and inequity] only if the party opposing the stay first demonstrates that there is a 'fair possibility' that a stay will cause it injury." *Fed. Trade Comm'n v. Lending Club Corp.*, No. 18-CV-02454-JSC, 2020 WL 4898136, at *2 (N.D. Cal. Aug. 20, 2020) (quotations omitted); *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[I]f there is even a fair possibility that the stay . . . will work damage to someone else . . . the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" (quoting *Landis*, 299 U.S. at 255)). A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *See Dependable Highway*, 498 F.3d at 1066. The stay's proponent bears the burden of demonstrating that a discretionary stay is justified. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997); *see also McElrath*, 2017 WL 1175591, at *5.[1]

---

[1] The parties did not address the *Landis* factors in their briefing—only *Landis*' general proposition that the Court may exercise discretionary control over its docket (*see, e.g.,* ECF Nos. 48 at 5 and 52 at 21). Nonetheless, the Court

## III. ANALYSIS

Having considered the parties' briefs and relevant legal authority, the Court grants Defendants' motion. Defendants have met their burden of showing that a stay is justified.

### A. Possible Damage

Defendants contend that Plaintiffs would not be prejudiced by a "modest adjournment" in the parties' briefing schedule, given that the stay would last "no more than a few months" (ECF No. 48 at 9). Plaintiffs argue that they would be prejudiced by a stay because they cannot proceed with discovery until the Court rules on the dismissal motion, which "increases the odds that evidence is lost," and that the imminence of the *Slack* decision counsels against a stay, given that "the parties will not spend considerable time or resources before the Supreme Court acts" (ECF No. 52 at 19). *See also* 15 U.S.C. § 78u-4(b)(3)(B). Moreover, Plaintiffs' argument goes, many of their claims will proceed "regardless of" how the Supreme Court resolves the issue *Slack* presents (*id.* at 20). The Court agrees with Defendant that a stay will not prejudice Plaintiffs, and for this reason the first *Landis* factor favors granting a stay.

First, the Supreme Court granted certiorari in *Slack* on December 12, 2023, and is expected to issue its decision by June 2023. *See* 143 S. Ct. 542. Any possible prejudice to Plaintiffs that will result from a three-month stay of the parties' briefing schedule on Defendants' dismissal motion is "minimal," given that the *Slack* decision will be issued by June 2023. *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, at *2 (N.D. Cal. June 22, 2015); *see also Larroque v. First Advantage Lns Screening Sols., Inc.*, No. 15-CV-04684-JSC, 2016 WL 39787,

---

construes the parties' arguments as attendant to the *Landis* factors and addresses them under the *Landis* framework. *See Est. of Simon*, 2023 WL 1768548, at *2 n.3 (addressing parties' arguments where parties did not brief applicability of governing legal framework but "the [governing] factors overlap[ped] enough with the [briefed] factors").

at *2 (N.D. Cal. Jan. 4, 2016) ("The possible prejudice to Plaintiff is minimal, as the *Spokeo* decision will likely be issued within the next six months per the Supreme Court's customary practice."); *Federal Trade Commission*, 2020 WL 4898136, at *2 ("[T]he Supreme Court's decision in [the relevant cases] is not a speculative future event involving multiple contingencies[;] certiorari has been granted, and the only event that the [parties] and the Court are waiting for is the decision itself." (quotations omitted)); *Capitol Specialty*, 2015 WL 11117308, at *4 ("[A]ny perceived inconvenience to the [non-movants] arising out of a stay will be short lived."). As such, Plaintiffs' argument that the imminence of the Supreme Court's *Slack* decision counsels *against* a stay is unavailing (ECF No. 52 at 19). There is little point—given that any prejudice a three-month stay poses to Plaintiffs is minimal—in proceeding with the parties' briefing schedule on Defendants' dismissal motion, especially where the *Slack* decision may "directly impact" the Court's ruling on Plaintiffs' Securities Act claims. *Ramirez*, 2015 WL 6159942, at *2; *see also Doe v. Uber Techs., Inc.*, No. 19-CV-03310-JSC, 2022 WL 1489469, at *2 (N.D. Cal. May 11, 2022) (concluding that stay of proceedings was appropriate where relevant appellate decision "could be informative" and potentially "narrow the issues for summary judgment and trial").

Second, Plaintiffs' discovery arguments lack force (*see* ECF Nos. 52 at 19). To be sure, fact discovery in this securities class action has not commenced. *See* § 78u-4(b)(3)(B). In general, the Court agrees with Plaintiffs that "with passing time, there remains a risk of lost and destroyed evidence, as well as fading witness memories." *Lal*, 2017 WL 282895, at *3. However, this "case is in its early stages." *Larroque*, 2016 WL 39787, at *2. Moreover, this is not a case where a stay would be "indefinite"—the Could would simply stay briefing on Defendants' dismissal motion until, at the latest, June 2023. *Lal*, 2017 WL 282895, at *3; *see also McElrath*, 2017 WL 1175591,

6

at *5 (finding that first *Landis* factor weighed in favor of granting a stay where "the stay is of short, not indefinite, duration"). Therefore, and contrary to Plaintiffs' contention, the "odds" that "evidence is lost" is minimal, given the definite and short length of a stay the Court would impose pending the Supreme Court's decision in *Slack* (ECF No. 52 at 19).

For these reasons, the first *Landis* factor weighs in favor of granting a stay.

### B. Hardship or Inequity

Defendants contend that they will be prejudiced if denied a stay because it would impose an unnecessary expense, forcing Defendants to brief an issue in their dismissal motion "without the benefit of the Supreme Court's controlling decision" that would issue a few months after the current deadline for filing their dismissal motion (ECF No. 48 at 8). Plaintiffs contend that Defendants will suffer no prejudice if the Court denies their stay request because they would face "ordinary" litigation burdens (ECF No. 52 at 18).

Even if Plaintiffs demonstrated a showing of possible injury, the Court finds that, under the second *Landis* factor, Defendants have made a showing of prejudice that would be caused by the denial of a stay. *See Federal Trade Commission*, 2020 WL 4898136, at *3; *cf. Dependable Highway*, 498 F.3d at 1066 ("[I]f there is even a fair possibility that the stay . . . will work damage to someone else . . . the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" (quoting *Landis*, 299 U.S. at 255)). In contrast to the lack of prejudice to Plaintiffs, in light of *Slack*'s "potential impact" on the dismissal motion and order, Defendants face "the risk of unnecessary proceedings and expenses if the case is not stayed." *Ramirez*, 2015 WL 6159942, at *2; *see also McElrath*, 2017 WL 1175591, at *6 (finding that second *Landis* factor weighed "slightly in favor of a stay" where "two factors [were] concrete: th[e] case [was] in its

7

early stages, and the outcome of [the Supreme Court's decision] w[ould] have a significant impact on this case"). In fact—given Plaintiffs' acknowledgment that *Slack* will affect the Court's analysis of their Securities Act claims—the "denial of stay would require *both* parties to expend significant resources to litigation" on an issue that stands to be resolved by the Supreme Court within approximately three months (*see, e.g.,* ECF No. 52 at 8). *See also Lal*, 2017 WL 282895, at *3 (emphasis added).

Accordingly—and recognizing the potential burden that Plaintiffs and Defendants would face absent a stay of the current briefing schedule on Defendants' dismissal motion—Defendants have shown that it would suffer hardship and inequity absent the granting of a stay.

### C.  Orderly Course of Justice

Defendants contend that denying their stay request would result in the "duplication of efforts and unnecessary expenditure of the Court's and Parties' time," and that "public interest considerations" favor granting a stay (ECF No. 48 at 7). Plaintiffs essentially contend that granting a stay will not "promote judicial economy" or efficiency because briefing on the motion to dismiss "will go forward no matter *Slack*'s outcome," and that for these reasons the Court should deny Defendants' stay motion (ECF No. 52 at 14 (quotations and emphasis omitted)). The Court agrees with Defendants. Although—as noted above—the parties did not present their arguments under the *Landis* framework, Defendants have shown that the orderly course of justice favors granting a stay.

"The third and final *Landis* factor considers whether granting a stay will simplify or complicate the issues before the Court." *Robledo v. Randstad US, L.P.*, No. 17-CV-01003-BLF, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017); *see also CMAX*, 300 F.2d at 268 ("[T]he

8

orderly course of justice [is] measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." (citing *Landis*, 299 U.S. at 254-55). The Court agrees with Defendants that granting a stay will simplify the issues presented to the Court in Defendants' dismissal motion (*see* ECF No. 48 at 6). *Slack* is "squarely on point" to an issue Plaintiffs' Securities Act claims present, and for this reason, the orderly course of justice weighs in favor of granting a stay of the briefing schedule on Defendants' dismissal motion. *Federal Trade Commission*, 2020 WL 4898136, at *4 (quotations omitted); *see also Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) ("[T]he reason for the district court's stay was at least a good one, if not an excellent one: to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case."). Ultimately, it would be—as Defendants contend—a waste of both parties' "time and money" to litigate the dismissal motion "only to have to do it all again" because the parties and the Court were proceeding under a legal framework that the Supreme Court may determine does not apply at all. *Robledo*, 2017 WL 4934205, at *5 (quotations omitted); *see also id.* ("[A] stay of a short duration lessens the hardship and costs for both sides and serves the interests of judicial economy."); *Doe*, 2022 WL 1489469, at *3 (concluding that third *Landis* factor favored granting a stay where the "potential overlap and the possibility that a decision in [the relevant appellate case] w[ould] narrow [p]laintiff's claim") (citing *Leyva*, 593 F.2d at 863)).

\* \* \*

After consideration of the *Landis* factors and the parties' arguments, Defendants have met their burden of showing that a discretionary stay in this action is justified. *See Clinton*, 520 U.S. at 708. Accordingly, the Court exercises its broad discretion to manage its docket, *see Landis*, 299

U.S. at 254, and grants a stay of the parties' briefing schedule on Defendants' dismissal motion pending the Supreme Court's decision in *Slack Technologies, LLC v. Pirani*.

## IV. CONCLUSION

Consistent with the above analysis, Defendants' Opposed Motion to Defer Briefing on Defendants' Motion to Dismiss Pending United States Supreme Court's Decision in *Slack Technologies v. Pirani* (ECF No. 48) is GRANTED. The parties shall file a joint motion regarding a proposed briefing schedule within seven days of the United States Supreme Court's issuance of its decision in *Slack Technologies v. Pirani*.

DATED this 21st day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge