IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Lead Civil Action No. 22-cv-02384-GPG-SBP
*Consolidated with Civil Actions 22-cv-02805-GPG-SBP and 22-cv-02893-GPG-SBP*

MINCHIE GALOT CUPAT, Individually
and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

PALANTIR TECHNOLOGIES, INC.,
ALEXANDER C. KARP,
DAVID GLAZER, and
SHYAM SANKAR,

    Defendants.

## ORDER

Before the Court are Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (D. 66) (the Request for Judicial Notice), Defendants' Combined Motion and Brief to Dismiss Plaintiffs' Amended Complaint (D. 67) (the Motion to Dismiss), and Plaintiffs' Motion to Strike Certain Exhibits and Annexes Improperly Offered in Support of Defendants' Motion to Dismiss (D. 71) (the Motion to Strike).  For the reasons stated below, the Motion to Dismiss is GRANTED (though the Court declines to dismiss with prejudice).  The Request for Judicial Notice and the Motion to Strike are DENIED AS MOOT.

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  It

1

imposes these requirements "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted" and "because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it." *Carbajal v. City & Cty. Of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) (unpublished) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Where a complaint violates Rule 8, a district court may—at its discretion and without attention to any particular procedures—dismiss the case without prejudice under Federal Rule of Civil Procedure 41(b). *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).

Plaintiffs' Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (D. 59) (the Complaint) violates Rule 8's command for a "short and plain" statement of Plaintiffs' claims. It imposes the exact burdens that Rule 8 seeks to avoid.

The Complaint is extraordinarily long. It runs 212 pages. And it contains 494 paragraphs (excluding subparagraphs and dozens of block quotations from Palantir securities filings and earnings calls). Much of this heft is due to repetition. As one example, Plaintiffs repeat one statement regarding Defendants' purported "strong visibility" into Palantir's future revenues no less than 35 times. Not only that, but the Complaint takes a shotgun approach to identifying Defendants' purportedly fraudulent statements. Defendants estimate that Plaintiffs contest at least 147 discrete statements. The real number is anyone's guess, though, given the Complaint's tendency to lump reams of lengthy quotations together. What is clear is that Plaintiffs threw in every statement they could in the apparent expectation that the Court would sift through and pick out the potentially fraudulent ones. But "[j]udges are not like pigs, hunting for truffles buried in" the parties' pleadings. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

This is not the first time that a judge in this District has admonished Plaintiffs' counsel for filing a complaint in this form. Chief Judge Brimmer aptly described one such complaint as "hydra-like" when concluding that dismissal was warranted under Rule 8.[1] *See In re Level 3 Commc'ns, Inc. Sec. Litigation*, No. 09-CV-00200-PAB-CBS, 2010 WL 5129524, at *7 (D. Colo. Dec. 10, 2010).

It is not the second time, either. In *Oklahoma Police Pension & Ret. Sys. v. Boulder Brands, Inc.*, then-Chief Judge Krieger wrote:

> The Amended Complaint runs afoul of Rule 8 in several respects. At 69 substantive pages and 178 paragraphs of allegations, it is a hefty document in and of itself. But large amounts of that heft are unnecessary summaries and recapitulation, boilerplate, and simply excess verbiage. . . .
>
> The operative allegations are also presented in a confusing and indirect manner, as OPPRS recites the pertinent factual events in a straightforward (if somewhat wordy) manner, but does not interleave the pertinent false statements or omissions at the pertinent points in the chronology. Instead, it saves those statements for a separate section that consists of a seemingly endless list of quoted press releases, conference call transcripts, 10–K filings, and various other materials. OPPRS sets forward portions of these quotations in boldface text, but it is not at all clear whether the bolded statements are those that OPPRS alleges are specifically fraudulent or misleading, or whether the bold text is simply highlighting statements that are significant to OPPRS' general themes (and if the latter, how the Court should distinguish the actionable statements

---

[1] Because the plaintiff had already been given the opportunity to amend his complaint, Judge Brimmer concluded that the most efficient path forward was to evaluate the complaint on its merits. In affirming Judge Brimmer's merits ruling, the Tenth Circuit echoed his concerns regarding the form of the pleading:

> The district court considered dismissing the complaint as an incomprehensible "puzzle pleading" that failed to properly state a "short and plain statement of the claim" pursuant to Federal Rule of Civil Procedure 8(a). In particular, the court disapproved of plaintiff's tendency to "excerpt[] long passages including numerous statements and, to a large degree, leave[] the Court to the task of teasing out which specific statements are at issue." We join in this disapproval.

*In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1339 n.8 (10th Cir. 2012) (citations omitted).

3

> from those that are highlighted only for effect). The sequential presentation of all pertinent events, followed by all challenged statements, not only muddles the chronology and makes for more difficult reading, it also introduces additional repetition, as OPPRS is forced to periodically break from its endless parade of quotes to sum up, referring back to the historical recitation to explain the significance of the quoted material. These summaries would be unnecessary if the allegations regarding the false statements were meaningfully incorporated into the historical recitation itself.

No. 15-CV-00679-MSK-KMT, 2017 WL 1148689, at *3 (D. Colo. Mar. 28, 2017) (citations omitted).

These criticisms apply equally here (the Court would note, however, that the Complaint in this case is over 50% longer than the complaint in *Level 3* and over 300% longer than the complaint in *Boulder Brands*). And the Court hopes that a third admonishment is the charm. Counsel could have and should have done better: "If indeed the grievous and extensive fraud alleged by plaintiffs actually occurred, there doubtless [were] ways to focus more on the forest and less on every single tree." *In re Parmalat Sec. Litig.*, 414 F. Supp. 2d 428, 442 (S.D.N.Y. 2006).

The Court acknowledges that in some ways, this matter is complex. For instance, it presents what appears to be a statutory standing issue of first impression in this Circuit. And of course, the Court is cognizant of Plaintiffs' obligation to plead certain of their claims with particularity. But these issues do not justify the extreme length and unwieldy format of the Complaint here.[2] A tighter, significantly more focused pleading will enable the Court to conduct a more meaningful merits review, which is in the interest of all parties.

---

[2] Plaintiffs claim that, by seeking dismissal under Rule 8 but invoking Federal Rule of Civil Procedure 9(b)'s requirements for pleading fraud with particularity, Defendants are simultaneously charging Plaintiffs both with "saying too much" and "saying too little." But Plaintiffs should not confuse length and repetition with particularity. *See In re Leapfrog Enterprises, Inc. Sec. Litig.*, No. C-03-05421 RMW, 2006 WL 2192116, at *3 (N.D. Cal. Aug. 1, 2006) ("[A] heightened pleading standard need not translate to a lengthy complaint.").

Accordingly, the Court in its discretion dismisses Plaintiff's Complaint without prejudice to amendment. It is further ordered that counsel for Plaintiffs and Defendants SHALL jointly contact the Court's chambers at Gallagher_Chambers@cod.uscourts.gov no later than **Friday, April 5, 2024** to set a status conference so that the parties and the Court may discuss the best path for further litigating this matter.

DATED March 31, 2024.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

5