IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Lead Civil Action No. 1:22-cv-02384-GPG-SBP
*Consolidated with Civil Actions 1:22-cv-02805-GPG-SBP and 1:22-cv-02893-GPG-SBP*

MINCHIE GALOT CUPAT, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

PALANTIR TECHNOLOGIES INC.,
ALEXANDER C. KARP,
DAVID GLAZER, and
SHYAM SANKAR,

    Defendants.

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR A PARTIAL LIFT OF THE DISCOVERY STAY**

**TABLE OF CONTENTS**

|      |                                                                                                                            | Page |
|------|----------------------------------------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION .................................................................................................................. | 1    |
| II.  | ARGUMENT ....................................................................................................................... | 2    |
|      | A. Plaintiffs' Requested Discovery Is Particularized ........................................ | 2    |
|      | B. Plaintiffs Would Face Undue Prejudice if the §11 Claim Were Dismissed for Lack of Facts in Support of Standing ................................. | 5    |
|      | C. The PSLRA's Purposes Further Support Plaintiffs' Request....................... | 8    |
| III. | CONCLUSION.................................................................................................... | 10   |

4891-9065-8019.v1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013) ........................................................................................................ 8

*Barnes v. Osofsky*,
373 F.2d 269 (2d Cir. 1967) ............................................................................................ 4

*Cremeen v. Schaefer*,
2005 WL 4703651 (D. Kan. Dec. 7, 2005) ..................................................................... 7

*Dekalb Cnty. Pension Fund v. Transocean Ltd.*,
817 F.3d 393 (2d Cir. 2016), *as amended* (Apr. 29, 2016) ............................................ 8

*Gardner v. Major Auto. Cos.*,
2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012) ................................................................ 7

*Health Grades, Inc. v. Decatur Mem'l Hosp.*,
190 F. App'x 586 (10th Cir. 2006) ................................................................................. 6

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009) ................................................................ 8

*In re Century Aluminum Co. Sec. Litig.*,
729 F.3d 1104 (9th Cir. 2013) ........................................................................................ 4

*In re CFS-Related Sec. Fraud Litig.*,
179 F. Supp. 2d 1260 (N.D. Okla. 2001) .................................................................... 7, 9

*In re Honest Co. Sec. Litig.*,
2023 WL 3190506 (C.D. Cal. May 1, 2023) .................................................................. 4

*In re Initial Pub. Offering Sec. Litig.*,
236 F. Supp. 2d 286 (S.D.N.Y. 2002) ............................................................................ 9

*In re Odyssey Healthcare, Inc.*,
2005 WL 1539229 (N.D. Tex. June 10, 2005) ............................................................... 7

*In re Spectranetics Corp. Sec. Litig.*,
2009 WL 3346611 (D. Colo. Oct. 14, 2009) ............................................................... 7, 8

*In re Thornburg Mortg., Inc. Sec. Litig.*,
2010 WL 2977620 (D.N.M. July 1, 2010) ................................................................ 7, 10

4891-9065-8019.v1

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
    2021 WL 4539200 (D.N.J. Oct. 4, 2021) .................................................................. 10

*In re WorldCom, Inc. Sec. Litig.*,
    234 F. Supp. 2d 301 (S.D.N.Y. 2002) ................................................................. 2, 8

*Jayhawk Cap. Mgmt., LLC v. LSB Indus., Inc.*,
    2009 WL 10743508 (D. Kan. May 20, 2009) ......................................................... 9

*Krim v. pcOrder.com, Inc.*,
    402 F.3d 489 (5th Cir. 2005) .................................................................................. 4

*Mishkin v. Ageloff*,
    220 B.R. 784 (S.D.N.Y. 1998) ................................................................................ 4

*Petrie v. Elec. Game Card, Inc.*,
    761 F.3d 959 (9th Cir. 2014) .................................................................................. 7

*SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*,
    189 F.3d 909 (9th Cir. 1999) .................................................................................. 7

*Slack Techs., LLC v. Pirani*,
    598 U.S. 759 (2023) ............................................................................................ 3, 9

*Thomas v. Metro. Life Ins. Co.*,
    540 F. Supp. 2d 1212 (W.D. Okla. 2008) ................................................... 2, 5, 6, 10

*Vacold LLC v. Cerami*,
    2001 WL 167704 (S.D.N.Y. Feb. 16, 2001) ........................................................ 5, 8

*Waldman v. Wachovia Corp.*,
    2009 WL 86763 (S.D.N.Y. Jan. 12, 2009) .............................................................. 4

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
    §77k ................................................................................................................ *passim*
    §77z-1(b)(1) .................................................................................................... 1, 4, 6
    §78j(b) .............................................................................................................. 9, 10
    §78t(a) .................................................................................................................. 10
    §78u-4(b)(3)(B) ...................................................................................................... 2

Plaintiffs respectfully submit this reply in support of their Discovery Motion.[1]

I.  **INTRODUCTION**

Defendants purport to oppose Plaintiffs' Discovery Motion, but spend much of their brief responding to arguments Plaintiffs did not make and points Plaintiffs do not dispute. For example, Defendants assert that the PSLRA discovery stay generally applies to Securities Act claims. Disc. Opp. at 8. Plaintiffs do not claim otherwise. *See* Disc. Mtn. at 7; *see also* 15 U.S.C. §77z-1(b)(1). Defendants also argue stridently that discovery in PSLRA-governed cases is generally stayed while a motion to dismiss is pending. Disc. Opp. at 4, 7-8. Again, Plaintiffs do not dispute this. *See* Disc. Mtn. at 1, 7 (acknowledging discovery stay). When Defendants' strawmen are disregarded and the actual issues are addressed, Plaintiffs' Discovery Motion should be granted.

Although the PSLRA provides for a general discovery stay during the pendency of a motion to dismiss, the statute also includes an express carve-out for particularized discovery when "'necessary to preserve evidence or to prevent undue prejudice to that party.'" Disc. Mtn. at 7; *see* 15 U.S.C. §77z-1(b)(1). Plaintiffs have demonstrated that their request is both particularized and necessary to prevent undue prejudice. Disc. Mtn. at 8-13. Unable to refute this showing, Defendants create their own criteria unsupported by the statute, its history, or case law. Tellingly, Defendants do not cite a single authority for their proposition that a plaintiff must establish that the discovery sought will not be futile. *See*

---

[1] Unless otherwise noted: (i) defined terms are the same as in the Table of Definitions and Abbreviations in Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, filed concurrently herewith; (ii) all emphasis is added; and (iii) internal citations are omitted.

- 1 -

Disc. Opp. at 10-13. Moreover, Defendants' futility argument rests on antiquated assumptions about the securities markets and inaccurate complications about the tracing process. As Dr. Joshua Mitts establishes, tracing is possible with the precise discovery that Plaintiffs seek – in fact, he has done it in other litigation. Because Plaintiffs' request satisfies the statutory exception to the discovery stay and furthers the PSLRA's purposes, in the event that the Court finds Plaintiffs' SAC allegations are insufficient to adequately plead standing, Plaintiffs' targeted discovery plan should proceed.

## II. ARGUMENT

### A. Plaintiffs' Requested Discovery Is Particularized

Plaintiffs' discovery request is particularized because it seeks specific categories of information from identified third parties to demonstrate that Plaintiffs purchased at least one registered share. This particularity satisfies the statutory requirement. *See Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1212-22 (W.D. Okla. 2008).[2]

Defendants assert that Plaintiffs' "proposed discovery would be a complex endeavor of unknown scope." Disc. Opp. at 13. But their (and their expert's) position rests on the faulty premise that the relevant query is tracing the execution of orders. *See* Movants' Appx., p. 32-33, ¶¶14-20 – Mitts Reply Decl. The legally relevant question for §11 standing

---

[2] Defendants are wrong that *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002), "***requires***" that a request involve "a 'clearly defined universe of documents.'" Disc. Opp. at 13. Instead, a defined universe of documents was one reason why the plaintiffs there met the particularity requirement. *WorldCom*, 234 F. Supp. 2d at 306. As that court held, because "plaintiffs are not in any sense engaged in a fishing expedition or an abusive strike suit . . . defendants cannot call upon the ambiguous notion of 'particularized' discovery to bend Section 78u-4(b)(3)(B) to a purpose for which it was not intended." *Id.*

is whether a given purchaser received a registered share. *See Slack Techs., LLC v. Pirani*, 598 U.S. 759, 768 (2023); Movants' Appx., p. 33, ¶7 – Mitts Reply Decl. As Dr. Mitts explains, "[t]he answer to this question is determined by figuring out which shares were ***actually delivered***" and "does not turn on the ***identity*** of the seller whose ***transaction*** gave rise to the future delivery obligation." *Id.* (emphasis in original). Dr. Mitts's methodology will answer the relevant question, as he will trace the delivery of registered and unregistered shares. *See, e.g.*, Movants' Appx., p. 9-10, ¶19 – Mitts Decl. Because their attacks focus on the latter, irrelevant query ("the ***identity*** of the seller whose ***transaction*** gave rise to the future delivery obligation") and not the former, central concern ("figuring out which shares were ***actually delivered***"), Defendants' parade of horribles (*see* Disc. Opp. at 13-14) does not undermine the particularity of Plaintiffs' proposed discovery plan.

Defendants suggest that the length of time between when Palantir's shares started trading and CalPERS' first purchase poses a problem that requires an "iterative[]" solution, "'wait-and-see'" approach, and "round after round of discovery." Disc. Opp. at 14-15. But Dr. Mitts explains that a single round of discovery involving two subpoenas seeking records prior to and during the Class Period from third parties may be sufficient. Disc. Mtn. at 10; *see* Movants' Appx., p. 17, ¶34 – Mitts Decl. If not, Plaintiffs outlined a staged approach to further particularize their request. *See* Movants' Appx., p. 17-18, ¶¶34-36 – Mitts Decl. Plaintiffs' requested second round of discovery will involve a single subpoena to each of the "narrow subset of broker-dealers" identified based on the DTC and transfer agent records. *Id.*, p. 18, ¶36. Because Defendants' cases sought open-ended lifts of the discovery stay,

- 3 -

and not targeted discovery plans like that which Plaintiffs propose here, their cases are not instructive.[3]

After all of Defendants' histrionics accusing Plaintiffs of ignoring the statutory text, Defendants themselves attempt to interject a futility requirement that does not exist in the PSLRA. Disc. Opp. at 10-13. But as Defendants admit, "'[w]hen the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.'" *Id.* at 7. Because the statute requires only that a request be "particularized" and "necessary . . . to prevent undue prejudice" (15 U.S.C. §77z-1(b)(1)), Defendants' imaginary futility element should be disregarded.

At any rate, Plaintiffs have sufficiently demonstrated that the discovery they seek is not futile and that Dr. Mitts's declaration does not involve "speculat[ion]." Disc. Opp. at 10.[4] Rather, Dr. Mitts is personally involved in tracing for §11 purposes in other litigation involving direct offerings, where he is creating a chain of title to prove statutory standing utilizing the exact types of documents Plaintiffs seek here. Movants' Appx., p. 34, ¶11; p. 11-12, ¶24 & n.22 – Mitts Reply Decl. Based on his personal experience reviewing tens of

---

[3] *Waldman v. Wachovia Corp.*, 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009) (lifting the stay as to "documents already provided to state and federal regulators" but rejecting broad request to use those documents to create further undefined requests); *Mishkin v. Ageloff*, 220 B.R. 784, 793 (S.D.N.Y. 1998) (denying request for a lift of the stay because it amounted to "basically a request to continue any and all discovery that may arise").

[4] Defendants' authorities miss the mark as the cases were at different procedural postures and relied on antiquated assumptions of the securities markets, and the plaintiffs did not argue that tracing was possible – even conceded it was not. *See Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 498 (5th Cir. 2005); *In re Honest Co. Sec. Litig.*, 2023 WL 3190506, at *4 (C.D. Cal. May 1, 2023). *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013), is also inapt. There, the plaintiffs merely "allege[d], without more, that they 'purchased . . . common stock directly traceable to the Company's Secondary Offering.'" *Id.* (citing *Barnes v. Osofsky*, 373 F.2d 269, 271-72 (2d Cir. 1967)); *cf.* Opp., §IV.A.
```
```

thousands of pages of DTC records, Dr. Mitts explains that such records *do* reflect individual trades, as well as NSCC-cleared trades. *Id.*, p. 42-44, ¶¶26-32; *contra* Disc. Opp. at 11. And rather than hinder tracing (Disc. Opp. at 11), Dr. Mitts explains that "netting **simplifies** tracing by **reducing** the number of steps required to determine which shares were actually delivered to the purchaser." Movants' Appx., p. 46, ¶36 – Mitts Reply Decl. (emphasis in original).[5] Thus, discovery would not be futile.

### B. Plaintiffs Would Face Undue Prejudice if the §11 Claim Were Dismissed for Lack of Facts in Support of Standing

As explained in the Discovery Motion, Plaintiffs have pleaded CalPERS' statutory standing to pursue the §11 claim. Disc. Mtn. at 1-3, 12. But even if the Court disagrees, the stay should be lifted to prevent undue prejudice: "Absent particularized discovery on this subject, [Plaintiffs'] federal claims [would be] subject to dismissal for lack of facts alleged in support of standing" – not for a lack of facts in support of Defendants' liability. *Thomas*, 540 F. Supp. 2d at 1222; *see also Vacold LLC v. Cerami*, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001) (undue prejudice results "where defendants might be shielded from liability in the absence of the requested discovery"). Because the likelihood that CalPERS purchased one registered share is more than 99.99999%+, it would be uniquely unfair to dismiss the §11 claim for lack of standing while simultaneously denying Plaintiffs

---

[5] Defendants are simply wrong that "all trading activity done over the course of the day" by a given DTC participant in a given security is netted and aggregated by the NSCC (Resps.' Appx., p. 14, ¶28 – Mayhew Decl.; *see* Disc. Opp. at 11) – there are often multiple transfers between the NSCC and a given DTC participant. *See* Movants' Appx., p. 45, ¶¶33-34 – Mitts Reply Decl.

the targeted discovery that would establish their standing.[6]  See Disc. Mtn. at 12; ¶¶237-243.  Thus, the statutory exemption is satisfied because discovery is "necessary . . . to prevent undue prejudice to [Plaintiffs]."  15 U.S.C. §77z-1(b)(1).

Defendants' attempt to distinguish *Thomas* only further demonstrates that it is directly on point to the issues presented here.  *See* Disc. Opp. at 5.  Indeed, Defendants agree that, as here, the court in *Thomas* "permitted 'limited discovery' into a **non-merits** standing issue."  *Id.* (emphasis in original); *see* Disc. Mtn. at 5, 15.  Defendants' purported distinction – that discovery in *Thomas* was permitted to allow plaintiffs to "determine **which** cause of action to bring in the first instance" – misconstrues the facts of the case.  Disc. Opp. at 5 (emphasis in original).  As here, the plaintiffs in *Thomas* had already filed their complaint, asserting the claims for which they were later permitted to take discovery to prove standing.  *Thomas*, 540 F. Supp. 2d at 1215.

Contrary to Defendants' mischaracterization, Plaintiffs' requested discovery has nothing to do with strengthening the allegations of Defendants' §11 liability, which is adequately alleged based on the false and misleading statements in the Registration Statement.  ¶¶219-230.  Thus, most of Defendants' cases – which deny discovery sought

---

[6]  In distinguishing *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586 (10th Cir. 2006), out of hand as a non-PSLRA case, Defendants miss the point.  As Plaintiffs' Discovery Motion states, *Health Grades* articulates the standard for undue prejudice in the "analogous threshold issue" of jurisdictional discovery and supports granting discovery given Plaintiffs' showing.  *See* Disc. Mtn. at 12 n.5 (quoting *Health Grades*, 190 F. App'x at 589) (failure to grant discovery amounts to undue prejudice to the plaintiff and, thus, "'an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary'").

to prove a defendant's liability – are irrelevant.[7] Defendants' reliance on *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959 (9th Cir. 2014), is especially bewildering, as the court determined that the use of third-party discovery in an amended complaint was proper and noted that the PSLRA "was intended to prevent discovery abuses such as the 'unnecessary imposition of discovery costs on defendants,' particularly as a means to coerce settlement." *Id.* at 969. Notably, Defendants do not argue that they would incur unnecessary costs from Plaintiffs' requested discovery and thus waive that argument. *See infra*, §II.C.

Similarly, Plaintiffs are not "seek[ing] discovery in the hopes of adding **new allegations** to enable them to plead tracing in the first place." Disc. Opp. at 6 (emphasis in original). Plaintiffs have already pleaded ample facts to support their §11 standing. ¶¶215, 231-243, 250-251. The requested discovery simply would confirm what Plaintiffs already

---

[7] *See Cremeen v. Schaefer*, 2005 WL 4703651, at *2 (D. Kan. Dec. 7, 2005) (plaintiffs "merely asserted that discovery is necessary because they require additional information or evidence 'to supplement or withdraw claims as required to meet the necessary pleading requirements'"); *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 912 (9th Cir. 1999) (holding the district court erred in granting plaintiffs limited discovery to prove the relationship between two defendants for insider trading and breach of fiduciary duty claims). The undue prejudice identified by the plaintiffs in other of Defendants' cases is so different that the cases are inapt. *See In re Spectranetics Corp. Sec. Litig.*, 2009 WL 3346611, at *6 (D. Colo. Oct. 14, 2009) (undue prejudice asserted "based merely on the fact that without discovery of documents provided to the Regulators, it will be unable to make strategic decisions"); *see also In re Thornburg Mortg., Inc. Sec. Litig.*, 2010 WL 2977620, at *2 (D.N.M. July 1, 2010) (plaintiffs asserted they would "suffer from undue prejudice because certain potentially relevant documents have been turned over to two governmental agencies"); *In re Odyssey Healthcare, Inc.*, 2005 WL 1539229, at *1 (N.D. Tex. June 10, 2005) (holding similarly); *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001) (undue prejudice based on witnesses' memories fading given the amount of time motions to dismiss had been pending). *Gardner v. Major Auto. Cos.*, 2012 WL 1230135, at *3-*4 (E.D.N.Y. Apr. 12, 2012), is wholly irrelevant as it concerned whether, after discovery has commenced, the PSLRA stay applies again during the pendency of a Rule 12(c) motion.

have alleged – that "[w]ith discovery, a reliable chain of title can be constructed that will allow Plaintiffs to prove they purchased shares traceable to the Registration Statement using account-level data and well-accepted accounting methods." ¶237.[8]

## C. The PSLRA's Purposes Further Support Plaintiffs' Request

Allowing discovery here also "'would not frustrate Congress's purposes in enacting the PSLRA.'" *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2009 WL 4796169, at *1 (S.D.N.Y. Nov. 16, 2009); Disc. Mtn. at 13-15.[9]

Indeed, Defendants make no effort to show that Plaintiffs' Discovery Motion would frustrate the PSLRA's purpose, thereby conceding the point. For instance, they do not say that they would incur high discovery costs or be incentivized to settle because of such costs if Plaintiffs' request is granted. Rather, Defendants merely argue that the discovery stay also applies to third parties, which misses the point and is irrelevant to whether granting Plaintiffs' Discovery Motion would frustrate Congress's purposes.[10]

---

[8] Defendants raise no meaningful distinction between the SAC's allegations and those in *Vacold*, where the court granted discovery into the plaintiffs' otherwise unsubstantiated falsity allegation. 2001 WL 167704, at *7. And in fact, Plaintiffs' showing is much stronger here, given the plausibility of the SAC's standing allegations.

[9] Plaintiffs have met the statutory requirements and do not argue that the statutory text is ambiguous, making Defendants' cases inapt. *See Spectranetics*, 2009 WL 3346611, at *7 ("a securities plaintiff cannot rely upon PSLRA policy alone to overcome its failure to meet the strict statutory requirements of the exceptions to the discovery stay"); *Dekalb Cnty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 404 (2d Cir. 2016), *as amended* (Apr. 29, 2016) ("When the words of a statute are unambiguous, . . . judicial inquiry is complete."). Moreover, courts evaluate whether the PSLRA's purpose supports their conclusions irrespective of the statute's clarity. *See, e.g.*, *WorldCom*, 234 F. Supp. 2d at 305.

[10] *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013), supports Plaintiffs because it notes that the PSLRA was intended to "address[] the settlement pressures associated with securities-fraud class actions," which is not a concern here. *Id.* at 475.

Defendants' remaining strawmen warrant little discussion. First, seeking discovery to prove statutory standing is hardly the same as seeking discovery to prove Defendants' liability, especially given the 99.9999+% odds here that CalPERS purchased at least one registered share. See Disc. Opp. at 7; *supra*, §II.B.

Second, Congress could not have "**designed** the statutory scheme to operate" in any particular way in the direct listing context, given that direct listings did not exist until decades **after** the PSLRA was passed. Opp. at 7-8 (emphasis in original).[11] *Slack* lends no support to Defendants' supposition, as the "balanced liability regime" to which the Supreme Court referred concerned the balance struck between the fraud-based §10(b) and negligence-based §11, **not** whether, when, or how a securities plaintiff can meet an exception to the discovery stay. 598 U.S. at 770.[12]

Third, Defendants' other *Slack*-based argument fares no better. See Disc. Opp. at 9-10. Plaintiffs do not contest that they must plead and prove tracing. But the Supreme Court was silent as to how and when that occurs. See *Slack*, 598 U.S. at 770. If the SAC's statistical allegations of 99.99999%+ certainty are deemed insufficient at the pleadings

---

[11] This undermines Defendants' claim, unsupported by authority or explanation, that "[t]here is nothing 'unique' about a direct listing that requires an 'exception' to the PSLRA's discovery stay." Disc. Opp. at 9. Defendants' claim is further contradicted by their advocacy for the (inaccurate) "reality that shares simply are not specifically identifiable in a manner that would permit tracing" here. *Id.* at 12-13. Tellingly, they caveat this "reality" by admitting that tracing is possible in a traditional IPO. *Id.* at 12-13 & n.5.

[12] Defendants' other cited cases do not support their argument, as this is not a situation where Plaintiffs point to delay as the undue prejudice upon which their request is grounded. *See supra*, §II.B.; *In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002) (plaintiffs "admit[ted] that the only possible 'undue prejudice is simple delay'"); *Jayhawk Cap. Mgmt., LLC v. LSB Indus., Inc.*, 2009 WL 10743508, at *3 (D. Kan. May 20, 2009) ("Plaintiffs do not assert any specific undue prejudice"); *CFS-Related*, 179 F. Supp. 2d at 1265 (finding "speculative" loss of evidence not undue prejudice).

- 9 -
4891-9065-8019.v1

stage, Plaintiffs should be permitted to pursue limited discovery now to trace their shares to the Registration Statement. *Thomas*, 540 F. Supp. 2d at 1212-22.

Finally, Plaintiffs do not advocate for a Securities Act "exception" to the PSLRA stay, and Defendants' hyperbole that partially lifting the stay here would "expand[] liability in the name of 'protect[ing] investors'" and "risk turning this District into a hotbed" for frivolous lawsuits is silly. *See* Disc. Opp. at 8-10. The PSLRA's primary purpose is to require plaintiffs to meet the heightened pleading standard without the benefit of discovery. *See* Disc. Mtn. at 14-15. Because the heightened pleading standard does not apply to §11 generally or §11's tracing element specifically, this purpose is not frustrated by allowing targeted discovery to prove §11 tracing.[13] Plaintiffs also do not advocate for a direct listing "exception" to the stay. *See* Disc. Opp. at 9. Instead, Plaintiffs seek limited and particularized discovery to prove the legal certainty that CalPERS purchased at least one registered Palantir share (out of the 1.2 million+ shares it purchased during the 90 days that the Registration Statement was effective), without which Defendants will be shielded from liability and Plaintiffs will thus suffer undue prejudice. Lifting the stay under these circumstances is a modest – not expansive – approach.

## III. CONCLUSION

For the reasons set forth herein, Plaintiffs' Discovery Motion should be granted.

---

[13] Notably, of all of the cases which Defendants cite, only two involve §11 claims. Both of those cases also involve §10(b) claims, and the courts declined to lift the stay for reasons divorced from the §11 claim. *See Thornburg*, 2010 WL 2977620, at *2 (denying request for documents provided to governmental agencies which plaintiffs argued may be relevant to any of their claims, including §§11, 10(b), and 20(a)); *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2021 WL 4539200, at *11 (D.N.J. Oct. 4, 2021) (declining to lift the discovery stay particularly in light of the §10(b) claim).

DATED: September 16, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
DARREN J. ROBBINS
LUKE O. BROOKS
J. MARCO JANOSKI GRAY
ERIKA L. OLIVER
CHRISTOPHER R. KINNON
SARAH A. FALLON

       s/ Luke O. Brooks
LUKE O. BROOKS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
lukeb@rgrdlaw.com
mjanoski@rgrdlaw.com
eoliver@rgrdlaw.com
ckinnon@rgrdlaw.com
sfallon@rgrdlaw.com

Lead Counsel for Plaintiffs

JOHNSON FISTEL, LLP
JEFFREY A. BERENS 2373 Central Park
Boulevard, Suite 100
Denver, CO 80238-2300
Telephone: 303/861-1764
303/861-1764 (fax)
jeffb@johnsonfistel.com

Local Counsel

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 16, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Luke O. Brooks
LUKE O. BROOKS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: lukeb@rgrdlaw.com

4891-9065-8019.v1

# Mailing Information for a Case 1:22-cv-02384-GPG-SBP Cupat v. Palantir Technologies Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Naumon Amjed**
  namjed@ktmc.com,rdegnan@ktmc.com,hpaffas@ktmc.com,iyeates@ktmc.com,bschwartz@ktmc.com

- **Adam Marc Apton**
  aapton@zlk.com,ecf@zlk.com

- **Jeffrey Allen Berens**
  jeff@jberenslaw.com,michaelf@johnsonfistel.com,jeffb@johnsonfistel.com,paralegal@johnsonfistel.com

- **Luke Orion Brooks**
  lukeb@rgrdlaw.com,e_file_sd@rgrdlaw.com,kwoods@rgrdlaw.com

- **Nicholas Angelo Caselli**
  nicholas.caselli@freshfields.com,filing_notice@freshfields.com,6188914420@filings.docketbird.com

- **Michael David Celio**
  MCelio@gibsondunn.com

- **Sarah A. Fallon**
  sfallon@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Boris Feldman**
  boris.feldman@freshfields.com,filing_notice@freshfields.com,jonathan.sampson@freshfields.com,Jeannette.Smith@freshfields.com,6188914420@filings.docketbird.

- **Rusty Evan Glenn**
  rusty@shumanlawfirm.com,kip@shumanlawfirm.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,mtjohnston@pomlaw.com,tsayre@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **J. Marco Janoski Gray**
  mjanoski@rgrdlaw.com,e_file_sd@rgrdlaw.com,TerreeD@rgrdlaw.com

- **Matthew S. Kahn**
  MKahn@gibsondunn.com,ecf-3ab0de0b834f@ecf.pacerpro.com,LChiou@gibsondunn.com

- **Christopher Ryan Kinnon**
  ckinnon@rgrdlaw.com,ckinnon@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,mtjohnston@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **David Y. Livshiz**
  david.livshiz@freshfields.com,filing_notice@freshfields.com,6188914420@filings.docketbird.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Erika L. Oliver**
  eoliver@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Kathryn A. Reilly**
  reilly@wtotrial.com,sanchez@wtotrial.com,CLJones@wtotrial.com

- **Darren Jay Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Sam D. Starritt**
  sam@starrittlegal.com,winegard@dwmk.com,dwmk@dwmk.com

- **Wesley Sze**
  wsze@gibsondunn.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`